Dismissed and Memorandum Opinion filed February 12, 2009








Dismissed
and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00149-CV

____________

 

CRYSTAL POWER COMPANY,
Appellant

 

V.

 

COASTAL SALVADORAN POWER, LTD.,
COASTAL NEJAPA, LTD., EL PASO CGP COMPANY, Successor in Interest to COASTAL
STATES GAS COMPANY and THE COASTAL CORPORATION, and EL PASO CORPORATION,
Successor in Interest to COASTAL STATES GAS COMPANY and THE COASTAL CORPORATION, Appellees

 



 

On Appeal from the 23rd District
Court

Brazoria County,
Texas

Trial Court Cause No.
21815

 



 

M E M O R
A N D U M   O P I N I O N

This is
an attempted appeal from a summary judgment order signed November 14, 2008. 
The clerk=s record was filed on March 17, 2008.  








On July
24, 2008, appellant filed a motion to dismiss, claiming the November 14, 2008,
summary judgment order was not final because the trial court had not
adjudicated the claims of intervenor, McFall, Breitbeil & Shults. 
Appellees opposed the motion, asserting that the only claim by intervenor was a
claim for a five percent contingency fee.  Appellees claimed intervenor=s right to the fee only arose if the
plaintiff (appellant) recovered damages.  Thus, appellees reasoned the
intervenor=s claim was rendered moot by the take-nothing judgment.  Alternatively,
appellees asked that we abate the appeal and allow the trial court to modify
the November 14, 2007, order to make it final by expressly ruling on intervenor=s claim.

After
reviewing the case law and the clerk=s record, we agreed with appellees
that the intervenor=s claim had been rendered moot by the trial court=s November 14, 2007, judgment.  On
September 11, 2008, we denied appellant=s motion to dismiss.  Appellant
subsequently filed a motion to reconsider our denial of the motion to dismiss. 


On
reconsideration of our ruling, we found the decision whether the November 14,
2008, judgment was intended to be a final appealable judgment should be left to
the trial court.  Because Rule 27.2 permits the appellate court the discretion
to allow the trial court in a case to decide whether to modify the judgment to
include a ruling on intervenor=s claim,  Tex. R. App.
P. 27.2, we abated the appeal by order of November 13, 2008, and
remanded the case to the trial court.  

On
February 5, 2009, a supplemental clerk=s
record was filed, containing an order from the trial court.  In this order, the
trial judge asserted that he was unable to issue a final judgment because
parties and claims remained pending, which required further proceedings on the
merits.  








Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if permitted by statute.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  A summary judgment is final
only if it either actually disposes of all claims and parties before the court,
or it clearly states that it is a final judgment.  Lehman, 39 S.W.3d at
192, 200.  The order in this case does not dispose of all claims and parties.  


Accordingly,
we grant appellant=s motion to dismiss and we order the appeal dismissed.

 

PER
CURIAM

 

 

Panel consists of Justices Yates, Guzman, and Brown.